# Girard Trust Company *v.* Boyd, Appellant.

*Banks and banking—Checks—Forgery—Raised check—Collection— Negligence.*

1. Where a customer of a bank takes to the bank a foreign check with a good signature, but fraudulently raised in amount, to ascertain whether the check would be paid, and the customer at the request of the teller indorses the check, and the teller makes out a deposit slip, and credits the amount of the check to the customer's account, and thereafter the bank uses due diligence in ascertaining that the check had been paid, and notifying the customer thereof, the bank after the fraud had been detected, and after it had been compelled to pay back the money to the drawee, may recover the amount thus paid from the customer who presented the check.

2. In such a case if there is no evidence of negligence on the part of the bank, and there is no conflict of testimony as to any of the material facts, it is not error to refuse to submit the case to the jury.

*Appeals—Assignments of error—Judgment n. o. v.*

3. An assignment of error in the following form is insufficient: "The learned trial judge erred in entering judgment for the plaintiff non obstante veredicto." The motion for judgment, the order of the court thereon and the exception should be printed in connection with the assignment, and reference should be made to the page of the paperbook where the same might be found.

Argued Oct. 14, 1910.  Appeal, No. 108, Oct. T., 1910, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1908, No. 6,302, for plaintiff non obstante veredicto in case of Girard Trust Company v. I. Newton Boyd and Carl Zeller, copartners trading as Boyd & Zeller.  Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit to recover the amount of a check.  Before MARTIN, P. J.

At the trial the jury returned a verdict for defendants.

On a rule for judgment n. o. v. MARTIN, P. J., filed an opinion in which the facts were stated to be as follows:

The defendant firm kept a deposit account with the Girard Trust Company, the plaintiff.

On January 15, 1908, Zeller, one of the members of the firm, having in his possession a check drawn on the Fourth National Bank of Boston to the order of J. H. Armstrong for $310, indorsed by J. H. Armstrong and J. H. Holden, called at the place of business of the trust company, and in the course of conversation with the receiving teller said:

"Here is a check I have and I do not know the man who gave it to me, and I don't know anything about the maker of the check; he is a suspicious looking man and I have a suspicion against him, I don't like the looks of him; this firm is willing to go to any expense to find out if the check is good or not."

The teller replied: "All right, you indorse the check, I will send them a letter about it and tell them to wire me whether the check is good."  Zeller then said: "Whatever is done charge the expense to us, we don't want any comebacks."

Zeller indorsed the check in the firm's name and left it with the teller but said nothing about depositing it, and did not have the firm's deposit book with him.  He testified that the check was not left by him for deposit

but for the trust company to find out so as to protect the firm, and to see if the check was good.

The teller made out a deposit slip and the check was credited to defendants as a regular deposit.

The same day the trust company stamped it "Endorsements guaranteed," indorsed it, attached a slip requesting advice by wire whether or not the check was paid, and deposited it in the Franklin National Bank. That bank stamped it "Prior endorsements guaranteed," indorsed it and sent it to the National Shawmut Bank of Boston. On the following day a telegram was received by the Girard Trust Company from the National Shawmut Bank—"Check, Fourth National, three hundred and ten, yours, fifteenth, paid." This telegram was handed to defendants. In due course the check was presented and paid by the Fourth National Bank of Boston to the National Shawmut Bank, credit was given to the Franklin Bank, the proceeds credited by the Franklin Bank to the Girard Trust Company and the defendants were permitted to draw the money from their account.

On February 26 deposit book of the maker of the check was settled and it was then discovered that the check had been altered by changing the name of the payee to John H. Armstrong and raising the amount from $32.68 to $310. When this was ascertained the Fourth National Bank credited the maker of the check with the amount paid and made demand on the National Shawmut Bank, which demand was transmitted to other indorsers. The Girard Trust Company refunded the money and requested reimbursement from defendants. On their refusal to make restitution this suit was instituted.

The alterations in the check and the return of the money by the paying bank to their depositor, the maker of the check, was proved by the testimony taken under a commission. This evidence was not attacked or contradicted, but defendants claimed that the check had not been deposited by them for collection but left with the trust company to ascertain its validity, and that the com-

pany was negligent in failing to inform the bank on which the check was drawn of the circumstances related by Zeller to the receiving teller at the time the check was left with the Girard Trust Company, which information, it was urged, would have indicated to that bank the necessity for an examination or investigation, and resulted in the immediate discovery of the alterations, and defendants would not have suffered from cashing the check for the stranger from whom they received it.

The trial judge charged the jury that there was no evidence of negligence; that defendants, by indorsing the check became responsible to plaintiffs, and if the jury believed the uncontradicted evidence that the check had been altered and plaintiffs paid back the money to the Fourth National Bank the verdict should be for plaintiffs. The jury rendered a verdict for defendants.

It was proved by uncontradicted evidence that the check went through the usual, ordinary and customary procedure, but it is contended on behalf of defendants that the teller to whom the check was handed undertook for the trust company to send a letter, and find out whether it was good or not, and that his failure to do so was negligence which prevents plaintiffs from recovering in this case.

To charge plaintiffs with an arrangement of this character, it is necessary to prove that the teller was vested with authority in the premises to undertake such a transaction on behalf of his employer, and the burden of establishing the agency is on defendants: Amer. Car & Foundry Co. v. Water Co., 221 Pa. 529.

There was no proof that plaintiffs assumed to do more than collect the check in the ordinary method, and no evidence of failure to perform every duty incident to such collection.

The testimony taken by commission proved that the check had been raised, the payee's name changed, and that it was paid under a mistake of fact. When this became known, plaintiffs returned the money obtained on

the check to the paying bank and demanded to be reim- bursed by defendants who were indorsers of the check and had received the proceeds.

There was no conflicting evidence or denial of the facts.

The jury displayed a capricious disregard of apparently truthful testimony, which was neither attacked nor contradicted, and which presented the facts on which the case depended clearly and distinctly, from which but one inference could be drawn.

The testimony governing the case was submitted in answers to interrogatories. The witnesses were not called before the jurors, who were therefore not required to determine the question of their credibility: Lonzer v. R. R. Co., 196 Pa. 610.

It would be idle to grant a new trial in this case and submit to another jury proof of facts not in dispute: Shannon v. McHenry, 219 Pa. 267.

The rule for a new trial is discharged, and the motion for judgment non obstante veredicto granted.

*Error assigned* was as follows: "The learned trial judge erred in entering judgment for plaintiffs non obstante veredicto."

*Arthur B. Eaton,* for appellants.—In collecting, the bank must use care and diligence, and if special instructions have been given, they must be followed: 5 Cyc. 504; Merchants' Nat. Bank v. Goodman, 109 Pa. 422; First Nat. Bank of Wampum v. Telegraph Co., 34 Pa. Superior Ct. 488; Clews v. Bank, 89 N. Y. 418.

It is the duty of the receiving teller to report any unusual information he may receive concerning a check received for deposit: Hill v. Trust Co., 108 Pa. 1.

The defendants were entirely justified in relying on the integrity and good faith of the receiving teller, and had a right to assume that, under the circumstances, his indorsement was restricted, and would be used only for the purpose for which it was obtained: Ziegler v. Bank, 93 Pa. 393; Bos v. Bank, 41 Pa. Superior Ct. 388.

Under all the evidence the case was for the jury, and the plaintiff was not entitled to judgment non obstante veredicto: Clegg v. Seaboard Steel Co., 34 Pa. Superior Ct. 63; Bond v. R. R. Co., 218 Pa. 34; Corcoran v. Life Ins. Co., 183 Pa. 443; Dalmas v. Kemble, 215 Pa. 410.

*Sharswood Brinton,* for appellees.—As a matter of substantive banking law the appellees were entitled to recover: United Security Life Ins. & Trust Co. v. Nat. Bank, 185 Pa. 586; Rapp v. Nat. Security Bank, 136 Pa. 426; Land Title & Trust Co. v. Bank, 196 Pa. 230; Chambers v. Union Nat. Bank, 78 Pa. 205; Iron City Nat. Bank v. Fort Pitt Nat. Bank, 159 Pa. 46; Second Nat. Bank of Pittsburg v. Trust & Safe Dep. Co., 206 Pa. 616.

The record discloses no dispute as to any material fact in the case: American Car & Foundry Co. v. Water Co., 221 Pa. 529; Interstate Securities Co. v. Bank, 35 Superior Ct. 277; Shannon v. McHenry, 219 Pa. 267; Cunningham v. Smith, 70 Pa. 450.

The appellees were entitled at the trial to binding instructions in their favor, and therefore were entitled to an allowance of their motion for judgment non obstante veredicto: Cromley v. Penna. R. R. Co., 211 Pa. 429; Keiser v. L. V. R. R. Co., 212 Pa. 409; Heh v. Consolidated Gas Co., 201 Pa. 443; Devlin v. Beacon Light Co., 198 Pa. 583; Howard Express Co. v. Wile, 64 Pa. 201; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619; Holland v. Kindregan, 155 Pa. 156; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610; Cobb v. Ins. Co. 19 Pa. Superior Ct. 228; Wells v. Ins. Co., 191 Pa. 207; Reel v. Elder, 62 Pa. 308; Lautner v. Kann, 184 Pa. 334; Cougle v. McKee, 151 Pa. 602.

OPINION BY MORRISON, J., March 3, 1911:

This action was assumpsit to recover the amount of a check dated January 9, 1908, purporting to have been drawn for the sum of $310. The case was submitted to a jury and they returned a verdict in favor of the appellants. At the trial the appellee's counsel presented a point

asking the trial judge to give a binding instruction in favor of the plaintiff, which point was refused. After verdict, same counsel moved the court for a new trial and for judgment non obstante veredicto in favor of the plaintiff. Upon this motion rules were granted and upon argument and consideration the court discharged the rule for a new trial and made the rule for judgment non obstante veredicto absolute and granted judgment in favor of the appellee for its claim. To this ruling and judgment the appellants excepted, and the court sealed a bill at their request.

At the risk of seeming tedious we deem it advisable to here state the facts, to wit: The check was dated January 9, 1908, and as originally drawn was as follows:

"No. 31516                    BOSTON, January 9, 1908.
    "FOURTH NATIONAL BANK.
"Pay to the order of Ocean Steamship Company $32.68.
Thirty-two and 68/100 dollars.
                    "F. M. LEONARD & Co.,
                    "F. M. Leonard, Treas."

At the trial it was proved and is a conceded fact that this check was so altered and raised that it read "pay to the order of J. H. Armstrong $310. Three hundred and ten dollars." On January 15, 1908, the appellants indorsed the said raised check and deposited it with Girard Trust Company and it was credited to appellant's account and on the same day a slip was attached to the check asking advice promptly whether check was paid or not. On the same day said check was indorsed by Girard Trust Company and delivered and charged to Franklin National Bank and by the latter bank credited to Girard Trust Company for collection. The check was then forwarded by Franklin National Bank to National Shawmut Bank of Boston and received by the latter bank on January 16, 1908, indorsed by that bank and presented on the same day to the Fourth National Bank of Boston, drawee of the check, and on that day the said drawee bank paid the

check to National Shawmut Bank and the latter bank wired Girard Trust Company same day as follows: "Boston, Mass., 16, Check Fourth National, $310, your 15th, paid. National Shawmut Bank, Boston." On the same day, to wit, January 16, 1908, said telegram was delivered to appellants by appellee. On February 26, 1908, the makers of the check discovered the fraudulent alteration and raising of the check from $32.68 to $310, and at once gave notice thereof to the Fourth National, the drawee bank. This notice was given on February 26, 1908. On that date the drawee bank gave the makers of the check credit for the amount thereof. The drawee bank, on February 27, 1908, gave notice of the fraudulent alteration of the check to the National Shawmut Bank and claimed the amount thereof from that bank as indorser of the check. On the same day the National Shawmut Bank gave notice of said fraudulent alteration of the check to the Franklin National Bank and claimed from the latter bank as indorser the amount of said check. The Franklin National Bank then notified Girard Trust Company and claimed from it as indorser of the check the amount thereof. On the same day that the Girard Trust Company received said notice, to wit, March 2, 1908, it gave notice to appellants and demanded from them as indorsers of the check payment of the amount thereof, but appellants refused to comply with said demand.

On June 5, 1908, Girard Trust Company, recognizing its liability as indorser of the check, paid the full amount thereof directly to the Fourth National Bank, drawee, which payment relieved National Shawmut Bank and Franklin National Bank from their liability as indorsers of the check. After considerable negotiations between appellants and Girard Trust Company, and positive refusal of the former to pay on their indorsement the amount of the check, this suit was brought.

Based upon the above statement of undisputed facts we call attention to the diligence exhibited by Girard Trust Company in regard to said check. That company re-

ceived the check from appellants in Philadelphia on January 15, 1908; on the next day the check was presented to the Fourth National Bank of Boston, drawee, and the amount thereof, to wit, $310, was actually paid, and on the same day National Shawmut Bank wired that fact to Girard Trust Company and the latter, on the same day, delivered the telegram advising payment of the check to appellants, and it was not until after receiving said telegram that appellants actually paid the amount of the check to a man, unknown to them, who introduced himself as J. H. Holden, the then holder of the check. This was on January 16, 1908. It thus clearly appears, and is conceded, that appellants did not suffer any loss on account of the check until they paid Holden the apparent face value thereof after they had the same notice of its payment that the Girard Trust Company received from National Shawmut Bank. It is a proved and conceded fact in the case that the check actually was paid by the drawee bank on January 16, 1908, and, therefore, the notice by telegram to Girard Trust Company and from the latter to appellants was strictly true. Now the appellants seek to defend against their liability as indorsers of the check to Girard Trust Company on the ground of the negligence of the latter company. We have scanned this record carefully and have given due consideration to the able argument of appellants' counsel and find ourselves unable to discover any negligence on the part of the appellee which would warrant a jury in finding in favor of the appellants on the question involved. It is not pretended by appellants' counsel that the various indorsers of this check from National Shawmut Bank to Girard Trust Company were not liable on their indorsements to repay the money which was paid on said check by the Fourth National Bank, on the faith of the indorsements on the check at the time. It will be noted that the signature to the check was genuine and it is a familiar rule of law that one who indorses a check and delivers it to a third person guarantees the genuineness and regularity of

previous indorsements and is, therefore, liable to the person to whom the check is transferred: Chambers et al. v. Union National Bank, 78 Pa. 205. We do not understand appellants' counsel to contend that any mistake was made in the adjustment of this matter back to Girard Trust Company. In other words, it seems to be conceded that the latter company was lawfully bound by its indorsement of the check to pay the amount thereof to the bank which suffered the loss by reason of the alteration of the check. But counsel contends on account of what took place between Mr. Zeller, one of appellants, and appellee's receiving teller, Francis L. Bacon, when the check was delivered to him for Girard Trust Company on January 15, 1908, that a question of negligence is raised by the evidence which was rightfully submitted to the jury in the first instance and that the court erred in granting judgment in favor of the plaintiff non obstante veredicto.

The only assignment of error is, "The learned trial judge erred in entering judgment for the plaintiff non obstante veredicto." We here remark that this assignment of error is not very satisfactory. The motion for judgment and the order of the court thereon and the exception granted to the appellants are not printed in connection with the assignment, nor are we referred to the place where the same may be found. We have concluded, however, to consider the assignment as if it were in proper form.

Counsel for appellant argues that the check was not left for deposit and collection. He contends that the undisputed testimony shows that Mr. Zeller took the check to the appellee bank for one purpose only, to ascertain if the bank could find out whether or not the check was good. It may be conceded that the evidence does show that the check was taken to the bank to ascertain whether or not it would be paid. Counsel argues the case on the theory that the bank, through its receiving teller, undertook to ascertain whether or not the check was good. But the testimony does not sustain this contention. Taking the testimony of Mr. Zeller and of Mr. Bacon, in the light

of what subsequently transpired, makes it very clear that what the teller undertook to do was to ascertain whether or not the check would be paid. There is no testimony in the record that the teller's attention was called to any defect or irregularity on the face of the check. The testimony of Zeller is not that he was suspicious of the check but of the man who gave it to him. That he was a suspicious looking man. Now there is a marked distinction between a bank undertaking to ascertain that a check was in all respects good, that is, genuine, and undertaking to ascertain if it would be paid. If the evidence would warrant an inference that the receiving teller undertook to bind the bank to ascertain if the check was genuine, we would have perhaps two questions which do not arise on the present facts. (a) Had the receiving teller authority to bind the bank to guarantee that the check was good? (b) Would not the burden rest on appellants to affirmatively prove such authority and to prove clearly that the undertaking was to ascertain the genuineness of the check? But we do not decide these questions because the evidence will not warrant an inference that the receiving teller undertook to do more than ascertain if the check would be paid. But counsel argues that appellants were in some manner injured because the receiving teller accepted the check with appellants' indorsement thereon, made a deposit slip and credited the amount of the check to their account, and of course charged it to Franklin National Bank on January 15, 1908. Mr. Zeller testifies that he did not hand the check to Mr. Bacon for the purpose of having it credited to appellants' account, but to have the bank ascertain if the check was good. We have already said that there is no testimony in the record to sustain an inference that the receiving teller accepted the check in any other way except on the indorsement of appellants, old customers of the bank, to be credited to their account and forwarded to ascertain if it would be paid.

Now bearing in mind that there was nothing on the face of the check to attract the attention of the officials

of the banks through which it passed, and that it would not be discoverable that the check had been raised, except by the use of a strong magnifying glass, and that appellants did not call Mr. Bacon's attention to anything wrong with the check and that it deceived the officers of the paying bank, we are utterly at a loss to understand how it can be said that the Girard Trust Company was guilty of negligence. It is true that if appellants had not indorsed the check they would not have become liable to the trust company, but it may be assumed, at least as an inference, that if they had not indorsed the check, the receiving teller would not have received and forwarded it. The undisputed evidence is that when Mr. Bacon suggested to Mr. Zeller to indorse the check that he promptly and voluntarily indorsed his firm's name thereon and left the check with Mr. Bacon. We see no force in the argument that placing the check to the credit of appellants did them any harm or in any way tends to convict the appellee of negligence. When the appellants received the notice that the check had been paid on January 16, 1908, they immediately presented their pass book to Girard Trust Company and received credit for the amount of the check. That this credit had actually been entered to their account on the bank's books on January 15 is a wholly immaterial fact and it is impossible to infer any injury to appellants resulting therefrom.

Upon the facts in this case counsel for appellee has formulated three propositions which we adopt for convenience and because we consider them sound.

1. As a matter of substantive banking law the appellee was entitled to recover.

2. The record discloses no dispute as to any material fact.

3. The appellee was entitled to binding instructions at the trial and therefore was entitled to an allowance of its motion for judgment non obstante veredicto.

As to the first proposition we are of the opinion that on the undisputed facts in the case, it is sustained by the

following authorities: United Security Life Ins. & Trust Co. of Penna. v. Central National Bank of Phila., 185 Pa. 586; Rapp et al. v. National Security Bank, 136 Pa. 426; Land Title & Trust Co. v. Northwestern National Bank, 196 Pa. 230; Chambers v. Union National Bank, 78 Pa. 205; Iron City National Bank v. Fort Pitt National Bank, 159 Pa. 46; Second National Bank, of Pittsburg v. Guarantee Trust & Safe Deposit Co., 206 Pa. 616; see also sec. 10, Act of April 5, 1849, P. L. 424.

As to the second proposition: The record discloses no dispute as to any material fact in the case. If there is a dispute appearing in the record it is between Bacon and Zeller. But what took place between them which looks like a dispute is, we think, immaterial. But if their evidence is in dispute it is not made to appear that Bacon as receiving teller had authority to bind the Girard Trust Company to ascertain whether the check was in all respects genuine and valid. Surely it cannot be argued successfully that a receiving teller of a bank has any such implied power. If the evidence would warrant a jury in finding that Bacon agreed to ascertain that the check was valid and genuine, the appellants in order to charge his principal must prove that he had authority to make such an agreement. The record contains no evidence that Bacon was clothed with any special authority to bind his principal, the trust company, by any such agreement. But we do not think the testimony shows that Bacon undertook to bind the bank to ascertain that the check was genuine. See American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529; Interstate Securities Co. v. Third National Bank, 35 Pa. Superior Ct. 277.

But it is apparent from the record that the appellants relied for their defense on the negligence of the appellee, and not on an agreement that the appellee would ascertain that the check was in all respects good. This appears from the whole record and plainly in the affidavit of defense. The negligence alleged was that the appellee undertook to ascertain whether the check was good, obvi-

ously meaning that it was genuine. The information furnished to the appellants was that the check was paid. This information was not responsive to the question Zeller testified that he asked of Bacon. The appellants acted not upon what Zeller said Bacon undertook to ascertain, but on the report received that the check had been paid; this was true. Therefore, it is clear that when appellants purchased the check on the strength of the notice that it had been paid, they were not and could not have been injured in the appellee's manner of making the inquiry. Conceding arguendo that there was negligence on the part of the appellee in the manner of making the inquiry, such negligence was not the proximate cause of, nor did it contribute to, the injury the appellants suffered. The appellants being anxious to make the profits on the sale of a $45.00 overcoat, purchased the check, not on information that it was good, but that it had been paid, and they were bound to know that there was a possibility that a bad check might have been paid and in such case they might be liable on their indorsement. The trial went on the conceded theory that there had been a fraudulent alteration of the check and that the appellee repaid the amount of it, and the defense set up and relied upon was the negligence of the appellee. In addition to this, witnesses who swore to the fraudulent alteration, and payment by Girard Trust Company, were positive in their testimony, were uncontradicted and unassailed, and there is nothing inherently improbable in the story told. The Supreme Court has said upon this point: "The case having been tried on this assumption it should be considered on review as if the proof had been made. It would be idle to send it back in order that proof should be made of facts not really in dispute:" Shannon v. McHenry, 219 Pa. 267. "Admitted facts need not be proven:" Cunningham v. Smith, 70 Pa. 450.

As to the third proposition: The appellee was entitled to binding instructions at the trial, and therefore was entitled to an allowance of his motion for judgment non

obstante veredicto.   Having reached the conclusion that there is substantially no dispute in the record as to material facts, it hardly seems necessary to cite authorities in support of the above proposition.   But we cite the following: Devlin v. Beacon Light Co., 198 Pa. 583; Heh v. Cons. Gas Co., 201 Pa. 443.   In Holland v. Kindregan, 155 Pa. 156, the Supreme Court said: "Where the evidence is so weak that it would be the duty of the court to set aside the verdict of the jury, there is no propriety in submitting it."   Another very strong case on this subject is Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.   In that case Mr. Justice MITCHELL, speaking for the court, said: "The verdict should have been set aside as in direct disregard of the evidence, and where that is the case, the court may refuse to submit it at all, and direct a verdict accordingly."   In Graff v. Pittsburg, etc., R. R. Co., 31 Pa. 489, it was said: "Under the circumstances, it was no error in the court to pronounce on the effect of the evidence.   Had it gone to the jury, and a verdict been rendered against such preponderating proofs, the court would have been bound to set it aside.   And when it is the duty of the judge so to control the verdict, he is not to be reversed for exercising his authority in advance of the verdict, and saving thereby the delay and expense of a new trial."

The six judges who heard the arguments agree that the record shows a clear liability on the part of the appellants as indorsers of the check, and that the record contains insufficient evidence to warrant a jury in finding a verdict in favor of the appellants.   Therefore, it follows, that the appellee was entitled to a binding instruction at the trial, and the trial judge having declined to give it there was no error in granting judgment for appellee on the whole record non obstante veredicto: American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529.

The assignment of error is dismissed and the judgment is affirmed.