# Luzerne County National Bank v. Lowenstein, Appellant.

*Promissory notes—Alteration—Evidence—New trial on terms—
Practice, C. P.—Notice.*

In an action on a promissory note by holder against endorser,
it appeared that the date had been changed. The plaintiff declared
on the notes as of the altered date. There was nothing in the ap-
pearance of the notes to indicate the alteration, and the court did
not submit to the jury the question as to whether the holder was
put upon inquiry. The court charged that if the jury found that
there was an alteration they should find for the defendant. The
verdict was for defendant. Subsequently the court granted a new
trial on condition that the plaintiff amend the statement so as to
declare on the note according to its original tenor. *Held,* (1) that
the granting of a new trial on terms was proper, (2) that the court
committed no error in declining to submit to the jury the question
as to whether the holder was put upon notice by the condition of
the note.

In an action on a promissory note by holder against endorsee,
where it is developed that the original date of the note had been
changed to a later date, there is sufficient evidence of notice of dis-
honor to go to the jury, where it is shown that on the very day
the note became due according to its original tenor, the defendant
at the close of banking hours called at the plaintiff bank and was
informed that the note in question had been presented by a notary
and not been paid.

Argued March 6, 1917. Appeal, No. 1, March T., 1917,
by defendant, from judgment of C. P. Luzerne Co., April
T., 1913, No. 624, on verdict for plaintiff in case of Lu-
zerne County National Bank v. E. Lowenstein. Before
ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART,
TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note by holder against endorsee.

There were two trials of the case. On a rule for a new trial and judgment n. o. v. after the second trial FULLER, P. J., filed the following opinion:

This action was against an endorser on a promissory note, payable in two months, the true date of which, as concededly established upon the first trial, was August 19, 1912, but the apparent date was October 7, 1912; this alteration having been made by the maker without knowledge of the endorser, before the note came to the plaintiff, who discounted the same in good faith for value in due course of banking.

The first trial was had upon a statement which claimed recovery on the note as of its apparent date, October 7, 1912, the contention of plaintiff being that such was the true date and the contention of defendant being that the true date was August 19, 1912, which had been altered to October 7, 1912.

The plaintiff on this statement could not avail itself of the right given by Section 124, Negotiable Instruments Act, 1901, page 194, "to a holder in due course not a party to the alteration" "to enforce payment," "according to the original tenor," and the jury on the fact of alteration found in favor of the defendant.

On the motion for a new trial, however, the court deeming that the plaintiff justly ought to have an opportunity to avail itself of Section 124 aforesaid, granted a new trial on condition that a new statement be filed upon the note according to its original tenor, and that the trial should be limited to the single issue raised upon such amended statement, leaving open the question whether there was sufficient notice of demand "according to the original tenor," to fix liability of the endorser.

Plaintiff accordingly, on June 10, 1915, filed an amended statement claiming recovery on the note as of its true original date, August 19, 1912, and claiming the protec-

tion of Section 124 aforesaid against the alteration to October 7, 1912.

The defendant excepted to the allowance of this amendment, but the case came to its second trial on the amended statement and the original plea of nonassumpsit payment with leave, etc.

The court then assumed with apparent acquiescence of the parties, that five questions were involved, viz:

(1) Whether the true original date was August 19, 1912? This was vital in order to validate the notice of dishonor, and was not contested but conceded.

(2) Was that date altered to October 7, 1912? This also was conceded.

(3) Was the plaintiff who received the note for value in due course, a party to the alteration?

The negative was clearly established and not contested but virtually conceded.

(4) Should the plaintiff have taken notice of the alteration from the appearance of the note or from other circumstances?

This, perhaps, was really not involved, being introduced by the court of its own motion, coupled with the instruction, to which no complaint has been made, that the alteration was not such as to put the plaintiff on notice.

These four questions being thus disposed of, there was left for the jury only.

(5) Was the defendant notified of dishonor in a manner and at a time to hold him liable?

As the note was dated August 19th and drawn for two months, maturing October 19th, and as October 19th fell on Saturday, notice on Monday, October 21st, would have been concededly sufficient.

On this, the sole matter submitted to the jury, the defendant, in his single request, asked for binding instructions, which we refused, submitting the matter under all the evidence, and no other specific exception was taken to the charge nor is any other complaint urged in the

present motion for a new trial and for judgment non obstante veredicto.

The evidence bearing on the question consisted substantially of the following, viz:

(1) Testimony by plaintiff's cashier that on October 15, 1912, when defendant apprised him of the alteration, he notified the defendant that the note would be protested as of both dates;

(2) Testimony by the same witness that on October 21st about 3 p. m. defendant called at plaintiff bank, inquired whether the note had been presented or paid, and was informed of its presentation by a notary and of its dishonor;

(3) Testimony corroborative of the above, by the teller and by the notary that defendant was in the bank at that time;

(4) Notarial certificate of protest, dated October 21st, the original note, bearing apparent date October 7th, being pinned to the certificate, without copy;

(5) Testimony by the defendant denying the testimony of the cashier, teller and notary aforesaid.

In submitting the case, we excluded the notarial certificate from consideration, doubting its sufficiency on its face to establish notice for a note dated August 19th; and the notary, though called as a witness, was through inadvertence or for some other reason, not specifically interrogated concerning the fact of either demand, dishonor or notice, although, referring to the time when he saw the defendant in the bank, he gave the following testimony:

"Q.—Can you fix the date in November when you saw him? A.—I can fix the date as being the day that the paper was first protested.

"Q.—What date was that? A.—October 21, 1912."

Without the certificates, therefore, the case is really lacking in positive proof of demand or dishonor, unless we are prepared to change our mind concerning the effi-

337, (1917).] Opinion of Court below—Opinion of the Court.

cacy of the certificate, or unless the naked, oral declaration that the paper was "protested" implies such proof.

It would be a pity to throw the plaintiff out of court for not expressly proving by the notary what the defendant never dreamed of contesting, what no one supposed was contested, and what is perhaps implied, and upon reflection we have concluded that the certificate, notwithstanding the discrepancy of date, was corroborative evidence of notice and, in the absence of contradiction, conclusive evidence of demand and dishonor, sufficient, therefore, on all points, to sustain the verdict.

Accordingly the motions for a new trial and for judgment non obstante veredicto are denied, and exception granted to the defendant.

*Error assigned* was portion of charge quoted in the opinion of the Superior Court, and order discharging rule for judgment n. o. v.

*F. W. Wheaton,* with him *M. H. Salsburg* and *Abram Salsburg,* for appellant.

*Henry W. Dunning,* with him *Mulford Morris,* for appellee.

OPINION BY TREXLER, J., December 13, 1917:

The Luzerne County National Bank discounted for C. D. Hershberger, the maker, a promissory note for $700 bearing date October 7, 1912, payable two months after date to the order of E. Lowenstein and by him endorsed. The endorsement is not denied. The date of the note had been changed, the original date having been August 19, 1912, the inserted date being October 7, 1912. At the first trial, plaintiff declared on the note as of the altered date, and the trial judge instructed the jury that if they found that the note had been altered, their verdict must be for the defendant. The jury found for the defendant. Although the notes of the first trial are not

before us, it appears that the trial judge suggested to the plaintiff that he amend his statement so as to come within the provisions of the 124th Section of the Act of May 16, 1901, P. L. 194. This suggestion the plaintiff did not see fit to adopt. Upon an application for a new trial, the court upon its own suggestion, at least nothing to the contrary appears in the record, granted a new trial upon condition that the plaintiff amend its statement, so as to declare upon the note according to its original tenor. The court after stating that in his opinion the verdict for the defendant would not prevent another suit on the note as originally given, proceeds, "It will be in the interests of the speedy administration of justice to permit an amendment of the declaration and a trial in which the parties' special rights under the statute may be ascertained; but the fact that the note was actually and fraudulently altered having been found by a jury after a full and fair trial must be accepted as settled by that verdict." This action on the part of the court is the basis of the first assignment of error.

"The granting or refusing of a new trial except for causes like errors of law by the judge or misconduct of the jury, where it may be matter of right, is an exercise of judicial discretion by the court in furtherance of right and justice according to the circumstances of the case. Hence it is well settled that the court may impose terms upon either or both of the parties as conditions of the grant or refusal and the latitude allowed to the discretion of the court to this end is very great"; Welsh v. Dusar, 3 Binn 329; Parshall v. Conklin, 81* Pa. 487; Stauffer v. Reading, 206 Pa. 479; Wirsing v. Smith, 222 Pa. 8. The court took the view that it should not be necessary in every case of an altered note, that two suits be brought, one to fix the fact that the note had been altered and the other to settle the other defenses to the note. Whether this be correct or not we do not think the court abused its discretion in granting the new trial.

It might well be argued that the judge should have placed the costs of the first trial on the plaintiff, but as stated in Hileman v. Hileman, 172 Pa. 323, "This was in the discretion of the court below." The first assignment is overruled.

The court did not submit to the jury the question whether the bank was put upon notice by the condition of the note that it had been altered. The court in its charge assumed as a fact that the appearance of the note was not such as to invite inquiry. We quote from the charge alluding to the appearance of the note. "Now that proposition I propose to affirm as a matter of fact because, and I think you will, when you see the note, if you have not already seen it, agree with me that the evidence of alteration in the date of that note is not apparent even on close scrutiny, and the appearance of the note in the mind of the court in our opinion is not such as should have put the plaintiff on notice of the alteration; and if I were to submit that question to you and your verdict against the plaintiff should be based upon your answer to that question, I could never sustain the verdict, and therefore I am assuming that to be the fact that the alteration was not such as to put the plaintiff on notice." This statement of the trial judge was not specifically challenged by the defendant. There was nothing in the appearance of the note to indicate that the date had been altered. The date October 7, 1912, was impressed with a rubber stamp, and it was followed by the printed numeral 19 and the figure 12 written in ink. It is the duty of the court to see that the testimony before it "has at least a natural and reasonable tendency to sustain the allegations in support of which it is introduced, that it is of such a character as to warrant an inference of the fact to be proved and amounts to something more than a mere basis for conjecture or vague speculation. If there is no sufficient evidence to justify an inference of the disputed fact the court has the right and it is its duty to withhold it from the jury": Ed-

wards v. Meyers, 227 Pa. 584; Battles v. Laudenslager, 84 Pa. 446. Thus in Corn Exchange Nat. Bank v. Nat. Bank of Republic, 78 Pa. 233, it was held that the fact that the check was of different color from those usually drawn by the firm and was not perforated was too unimportant to justify a submission of the question of the bank's negligence to the jury. So in Girard Trust Company v. Boyd, 45 Pa. Superior Ct. 285, where the question of the bank's negligence in taking an altered check was raised this court said, "there was nothing on the face of the check to attract the attention of the officials of the bank through which it passed and that it would not be discoverable that the check had been raised except by the use of a strong magnifying glass ......we are utterly at a loss to understand how it can be said that the trust company was guilty of negligence." We may remark in passing that the payee's title of the note in question was not defective. He obtained it in proper manner for the purpose of raising money by its discount. The only defect in the instrument was its altered date. The assignment is overruled.

The next assignment is as to notice of the dishonor of the note. It was not a foreign bill of exchange and therefore protest was not necessary: Act of May 16, 1901, P. L. 194, Section 152. The court excluded the notarial certificate deeming a notice of the protest of a note of the date of October 7th, the altered date, as insufficient notice of dishonor of a note whose original date was August 19th. Irrespective of this there was testimony that on the very day the note became due according to its original tenor, the defendant at the close of banking hours called at the plaintiff's bank and was informed that the note in question had been presented by the notary and had not been paid. There was other evidence corroborating this. The question of notice was very properly submitted to the jury as there was sufficient testimony to warrant its submission.

The judgment is affirmed.